Thomson, J.,
delivered the opinion of the court.
Robert Evans brought this suit against Wilbur C. Lothrop upon a promissory note executed to him by the defendant on November 30,1893, and upon an account of $102.65 for work and labor alleged to have been performed by O. N. Evans for the defendant, and assigned by O. N. Evans to the plaintiff. The answer admitted the note, admitted the employment of O. N. Evans, but denied indebtedness in the amount charged, denied the assignment of the account to the plaintiff, and set up several matters by way of counterclaim. There was judgment for the plaintiff, from which the defendant has prosecuted error.
The several items of counterclaim were causes of action in favor of the defendant, and against the plaintiff, two of which the answer expressly avers to have existed at the time the note was given; another of which, although not so stated, conclusively appears from the evidence to have been then in existence; and the remaining one, for $13.40, accrued after-wards. The plaintiff testified to a settlement of accounts between himself and the defendant prior to the giving of the note, at which time a certain amount was found to be due to the plaintiff. He stated that part of this amount was *172 paid in articles of personal property and cash, and that the note in suit was given for the remainder. O. N. Evans testified to a settlement between himself and the defendant, at which there was. found to be due him the sum of $331, of which amount the defendant afterwards paid $231. It was proved that the account, showing a balance of $100, with $2.65 added as interest, was afterwards assigned by O. N. Evans to the plaintiff in payment of a debt due the latter.
The statements of the plaintiff concerning the settlement can hardly be said to be denied by the defendant. He said he did not understand that the note was given in full settlement of the account, because the plaintiff did not get all the personal property at that time. This is the nearest approach to a denial of the fact of a settlement to be found in his testimony. Neither was the settlement with O. N. Evans, as testified to by the latter, disputed, except argumentatively. Where a settlement of mutual accounts between parties is established, it is presumed to include all demands existing at the time in favor of either party. The presumption can be overthrown only by proof of mistake or fraud in the settlement, or that a claim in controversy was not included. There was no such proof, and unless the vague and indirect testimony of the defendant may be regarded as having the effect of denying the settlement, the plaintiff was entitled to judgment for the amount claimed, less the indebtedness of $13.40, from the plaintiff to the defendant, incurred after the settlement, the correctness of which the plaintiff admitted. But if it may be said that the testimony of the plaintiff and that of the defendant were in conflict upon the question of settlement, then the finding of the trial court in the plaintiff’s favor concludes us.
Four errors are assigned. Three are to the effect that the judgment is against the evidence, and contrary to law. There was evidence to support the judgment. It is therefore not against the evidence, and we are not advised wherein it is contrary, to law. The other is as follows: “The court below erred in refusing to allow the counter *173 claims of the defendant, and especially erred in disallowing that portion of said counterclaims not expressly admitted by the pleadings of the plaintiff.” The meaning of this assignment is not entirely clear to us. None of the counterclaims were expressly or otherwise admitted by the pleadings of the plaintiff. They were *all denied in the replication. Except the item of $13.40, which the plaintiff in his testimony admitted, and which was allowed, they were all for claims existing at the time of the settlement, and therefore presumptively embraced in it.
We are unable to find in the record any reason for a reversal of the judgment, and it is therefore affirmed.

Affirmed.